25cr 382 KMM/LIB

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** |
| Plaintiff, | 18 U.S.C. § 1344 |
| | 18 U.S.C. § 1028A |
| v. | |
| SHABAKA KEITA DAVIS JR., a/k/a "Baka" and "Baka Moe," | |
| Defendant. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

1. At times relevant to this Indictment:

   a. Defendant SHABAKA KEITA DAVIS JR. was a resident of St. Cloud, Minnesota.

   b. Gate City Bank was a financial institution insured by the Federal Deposit Insurance Corporation.

   c. Affinity Plus Federal Credit Union was a financial institution insured by the National Credit Union Administration.

## COUNTS 1-2
(Bank Fraud)

2. From in or about July 2022 through in or about June 2024, in the State and District of Minnesota, the defendant SHABAKA KEITA DAVIS JR. and others known and unknown to the grand jury devised and executed a scheme and artifice to defraud federally insured financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, and omissions of material fact.

1

SCANNED
OCT 07 2025
U.S. DISTRICT COURT MPLS

U.S. v. Shabaka Keita Davis Jr.

3.     It was a part of the scheme to defraud that DAVIS JR. would purchase stolen checks and bank account information for purposes of executing the scheme. DAVIS JR. would also use computer software to forge the check to be in a different payee's name.

4.     It was a further part of the scheme that DAVIS JR. fraudulently gained access to the bank accounts and mobile banking information of numerous individuals at both Gate City Bank and Affinity Plus Federal Credit Union in order to deposit these fraudulently created or obtained checks.  He did so by recruiting individuals through social media posts and in-person interactions to provide him with their existing bank account details or open new bank accounts at these institutions.

5.     It was a further part of the scheme that when DAVIS JR. would obtain bank account information from other individuals, he would utilize the information to deposit or cause to be deposited forged or fraudulent checks at Gate City and APFCU.

6.     It was a further part of the scheme that DAVIS JR. and others known and unknown to the grand jury would direct individuals who had opened bank accounts at Gate City or APFCU to deposit a fraudulent check into the account themselves and provide him with the bank account information.

7.     After DAVIS JR. or the account owner had deposited the checks, DAVIS JR. withdrew funds from the account via ATM or transfer funds from the account via CashApp. This would result in significant negative account balances after the checks did not clear.

2

U.S. v. Shabaka Keita Davis Jr.

8.     In the course of his scheme, DAVIS JR. deposited or caused to be deposited more than 250 fraudulent or forged checks worth a total of $707,902 at either Gate City or APFCU and withdrew or caused to be withdrawn $272,661 in cash and money transfers from these banks.

9.     Beginning in at least in or about July 2022 through in or about June 2024, the defendant and others known and unknown to the grand jury devised a scheme to defraud a financial institution and obtain moneys from a financial institution by means of materially false and fraudulent representations.

10.    It was the purpose of the scheme that the defendant and others known and unknown to the grand jury enriched themselves by fraudulently obtaining or attempting to obtain money from the accounts of victims held at a financial institution by using forged or fraudulent checks, and unlawfully using the personal identification information of victims, including, but not limited to, the victims' names, signatures, bank account numbers, and ATM information.

11.    To effectuate the scheme, the defendant utilized forged or fraudulent checks to unlawfully obtain money by depositing the checks at bank accounts either fraudulently accessed or opened for this purpose.

12.    On or about the dates set forth below, in the State and District of Minnesota, the defendant,

**SHABAKA KEITA DAVIS JR.**
**a/k/a "Baka" and "Baka Moe,"**

having devised the above-described scheme and artifice to defraud financial institutions, and to obtain any of the moneys, funds, credits, assets, securities, and

U.S. v. Shabaka Keita Davis Jr.

other property owned by, or under the custody or control of, a financial institution, by means of materially false or fraudulent pretenses, representations or promises, did knowingly execute and attempt to execute the scheme and artifice as follows:

| Count | Date (on or about) | Description |
|---|---|---|
| 1 | June 24, 2023 | Deposited a fraudulent $4,922.56 check issued by Silicon Valley Bank into the Affinity Plus Federal Credit Union account of customer A.M. |
| 2 | September 1, 2023 | Deposited a fraudulent $4,084.10 check issued by Wells Fargo Bank into the Gate City Bank account of customer D.W. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 3-4
(Aggravated Identity Theft)

13.    Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14.    Between in or about July 2022 through in or about June 2024, in the State and District of Minnesota and elsewhere, the defendant,

**SHABAKA KEITA DAVIS JR.**
**a/k/a "Baka" and "Baka Moe,"**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to the commission of bank fraud, which is a felony violation enumerated in Title 18, United States Code, Section 1028(A)(c)(5), knowing that means of identification belonged to another person, as described below:

| Count | Date (on or about) | Description |
|---|---|---|
| 3 | October 2, 2022 | Use of individual A.S.'s personal information, including name, signature, and check |

4

U.S. v. Shabaka Keita Davis Jr.

| | | |
|---|---|---|
| | | information, to deposit and withdraw funds from a $2,500.22 forged check into the Affinity Plus Federal Credit Union account of customer D.B. |
| 4 | October 4, 2022 | Use of individual C.U.'s personal information, including name, signature, and check information, to deposit and withdraw funds from a $1,100.31 forged check into the Affinity Plus Federal Credit Union account of customer D.B. |

All in violation of Title 18, United States Code, Section 1028(a)(1).

## FORFEITURE ALLEGATIONS

15.   Counts 1 and 2 of this Indictment are incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

16.   As the result of the offenses alleged in Counts 1 and 2 of this Indictment, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of section 1344, bank fraud.

17.   If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

5

U.S. v. Shabaka Keita Davis Jr.

## A TRUE BILL

_____    _____
ACTING UNITED STATES ATTORNEY      FOREPERSON